CV 14          3028

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
AARON BERLIN, FEIGE ZARETSKY, a/k/a FEIGE
BERLIN, and DORA BERLIN

          Plaintiffs, -

     against-

MAXI-AIDS, INC.,M&H INC., ILGAR INC. a/k/a
ABLE-VISION, ELLIOT ZARETSKY, HAROLD
ZARETSKY, SHIRLEY ZARETSKY, LARRY
DIBLASI, LATONYA THOMPSON, PAMELA
STEIN, TERESA BUTLER, SOLOMON &
HERRERA, PLLC, MICHAEL D. SOLOMON,
SUSAN RUBIN, DANIEL HERRERA,
SAMUELSON, HAUSE & SAMUELSON, LLP,
RICHARD HAUSE, ALISA J. EPSTEIN, HON.
THOMAS FEINMAN, HON. STEVEN M.
JAEGER, HON. UTE WOLFF LALLY, SPECIAL
REFEREE LAWRENCE M. SCHAFFER,
MIRANDA SAMBURSKY SLONE SKLARIN
VERVENIOTIS, LLP, ROBERT HEWITT, ESQ. MICHAEL
G. McAULIFFE ESQ. and DAVID WACHOLDER

   JOHN DOE 1-10 .

               Defendants.

-------------------------------------------------X



CIVIL ACTION NO.:

**JURY TRIAL DEMANDED**





FEUERSTEIN, J.

**VERIFIED COMPLAINT**



F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAY 1 4 2014   ★

LONG ISLAND OFFICE

**Plaintiffs, AARON BERLIN, DORA BERLIN and FEIGE ZARETSKY,
appearing pro se, as and for their complaint against the Defendants,
respectfully alleges as follows:**

VIOLATION OF RACKETEER INFLUENCED AND CORRUPT
ORGANIZATIONS ACT 18 UNITED STATES CODE SECTION 1962

PART I

# NATURE OF THE ACTION

1.      This action arises out of a massive, ongoing and pervasive fraud upon the Plaintiffs, and the Court, which permeates throughout a protracted history amongst the parties.

2.      The Defendants, all sophisticated [people] , have shown themselves to be practiced at the art of deception – for years – at the expense of the Plaintiffs and indeed the State and Federal Judicial Systems. Through a secret conspiracy, subtle misdirection and widespread perjury, Through an elaborate sham, including the collusion of attorneys purporting to be working for the Plaintiffs' interests, coercion, extortion, perjury and fraud the Defendants have kept the Plaintiffs and the Court in the dark for nearly a decade. By the Defendants' scheme, Plaintiffs have been deprived the benefits of their  valuable  property By this action, the Plaintiffs do not seek to re-litigate claims adjudicated in any prior action[1], but rather they seek equitable relief from the prior results; a declaration that the contract remains viable and that Plaintiffs are entitled to specific performance thereof; in addition to statutory, compensatory and punitive damages on account of the manner in which the Defendants attained the prior results.of their  valuable  property.

# SUBJECT MATTER JURISDICTION AND VENUE

3.      This action is brought in the Eastern District Court of New York. The basis of this Courts jurisdiction is the Claims for relief arises  under 28 U.S.C. §§ 1331and1332, and under 18 U.S.C. § 1964(c). Claims for relief arises under 18 U.S.C. § 1961,et seq. violation by defendants of 18 United

States Code Section 1962, <u>42 U.S. Code § 1983 - Civil action for</u>

<u>deprivation of rights</u> Claims for relief arises   under discrimination Claims

for relief arises   under   violation of ADA ACT   state law claims arise out of

the same case or controversy as its federal law claims, as all claims in this action

arise out of a common nucleus of operative facts.   also all supplemental

jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367…

___ Violations of New York Judiciary Law§ 487 - Against the Attorneys

Defendants And Claims for relief arises under section <u>1503</u> (relating to

obstruction of justice), and Claims for relief arises under    Abuse of process  and

Claims for relief arises under   section <u>1341</u>(relating to mail fraud), and Claims for

relief arises under   section <u>1343</u> (relating to wire fraud), and Claims for relief

including but not limited arises under all the state claims    as well as

supplemental jurisdiction.

# THE PARTIES

4.    The Plaintiff AARON BERLIN is above the age of eighteen

years, a citizen of the United States of America, and is domiciled in Brooklyn,

New York at 1909 New York Avenue.


5.    The Plaintiff DORA BERLIN is above the age of eighteen years, a citizen of the

United States of America, and is domiciled in Brooklyn, New York at 1909 New York Avenue


6.    The Plaintiff FEIGE ZARETSKY is a woman over the age of 18 years that is deaf

from birth, severely learning disabled with a literacy level approximately of a fourth grade

---

[1] In fact, as set forth below, and on account of the fraud on the court herein complained of, the

elementary school student, a citizen of the United States of America, and the daughter of Plaintiff AARON BERLIN. She is domiciled in Plainview, New York, at 10 Chestnut Avenue.

7.     That upon information and belief, all natural Defendants herein are above the age of 18 years and are domiciled in the State of New York.

8.     That upon information and belief, the Defendant MAXI- AIDS INC. ("MAXI-AIDS") is a corporation on file and registered with the State of New York, and doing business nationally and internationally, as well as in the State of New York, out of an address on Long Island, at 42 Executive Boulevard, Farmingdale, New York.

9.     As detailed further herein, MAXI-AIDS conducts its' business, through its' current operators, DEFENDANT ELLIOT ZARETSKY and other Zaretsky defendants herein, styled in the manner of a mafia run racketeering business.

10.    The DEFENDANT MAXI-AIDS, also referred to herein as the "RICO Enterprise", is a New York State corporation, that is cited here as a defendant although it is owned by plaintiffs herein in their capacity as majority stock holders, it is currently being illegally operated, without the consent of plaintiffs, by Defendant Elliot Zaretsky, Defendant HAROLD ZARETSKY, Defendant PAMELA STEIN, Defendant SHIRLEY ZARETSKY, and certain of the herein defendants as a racketeering enterprise, as such term is used in the RICO statute, and from which property, including real property, was damaged and stolen from Plaintiff Feige Zaretsky, and from where the businesses of Plaintiff FEIGE ZARETSKY and Plaintiff AARON BERLIN and DORA BERLIN were damaged, and revenue thereof stolen as a direct result of the defendants promoting the use of racketeering acts resulting in a pattern of racketeering activity as

---

Plaintiffs' actual claims have yet to be litigated.

defined in 18 United States Code §1962; and falling within the parameters of the prohibited

activities proscribed by 18 United States Code §1961, and by which DEFENDANTS ELLIOT

ZARETSKY, HAROLD ZARETSKY, DAVID WACHOLDER, MICHAEL D. SOLOMON,

DANIEL HERRERA, SUSAN RUBIN, SOLOMON & HERRERA, PLLC, SHIRLEY

ZARETSKY, PAMELA STEIN, LARRY DIBLASI, , TERESA BULTER, LATONYA

THOMPSON, SAMUELSON, ILGAR, ABLE VISION, HEAR-MORE, and M & H, have

directly enriched themselves through the commission of multiple crimes, including predicate

crimes under the RICO statute, including but not limited to mail fraud, wire fraud, extortion,

copyright violation, interstate and international travel in promotion of racketeering, on federal

highways, and transportation of stolen merchandise over federal highways, while operating

behind the Maxi-Aids corporate veil.

11.     As more fully described hereinbelow, the business activities of DEFENDANT

MAXI- AIDS, as well as the herein defendants continuous promoting of prohibited racketeering

activities while acting through, and from behind the corporate veil of Defendant Maxi-Aids,

directly affects both interstate and foreign commerce.

12.     The Defendants ILGAR Inc. ("ILGAR") a/k/a ABLE-VISION, and HEAR-MORE

Inc. ("HEAR MORE"), both of which are believed to be corporations duly filed and registered in

the State of New York, do conduct their business out of the same office as DEFENDANT MAXI-

AIDS, at 42 Executive Boulevard, Farmingdale, New York.

13.     The business activities of DEFENDANT ILGAR a/k/a ABLE VISION, and

DEFENDANT HEAR MORE, like that of DEFENDANT MAXI-AIDS, affects interstate and

foreign commerce.

14.     In addition to the corporate RICO ENTERPRISES cited hereinabove, all of the

natural defendants, namely DEFENDANTS ELLIOT ZARETSKY, HAROLD ZARETSKY,

DAVID WACHOLDER, MICHAEL D. SOLOMON, DANIEL HERRERA, SUSAN RUBIN,

SHIRLEY ZARETSKY, PAMELA STEIN, LARRY DIBLASI, ANGELA GIGLIO, TERESA

BULTER, LATONYA THOMPSON,  , ALISA EPSTEIN, RICHARD SAMUELSON,  including

the "Doe" Defendants, being persons whose names are not known at the present time to the

Plaintiffs, and additionally DEFENDANTS SOLOMON & HERRERA, PLLC., SAMUELSON,

HAUSE & SAMUELSON, LLP, and RAOUL FELDER & PARTNERS, PC. (collectively

referred to sometimes herein as "the racketeering defendants"), all of whom together are not a

legal entity, formed together through bribery, extortion, blackmail, illegal payoffs, promises of

additional payoffs, stemming from, and made by Defendant Elliot Zaretsky, acting in concert with

Defendant Max-Aids, to the other natural defendants, and to Defendant Solomon & Herrera,

PLLC., in order to form an ongoing relationship as a group of persons and with Defendant

Solomon & Herrera, PLLC., to be associated together in a common relationship for the common

purpose of engaging in a long term course of conduct, and where each of the natural defendants as

well as Defendant Solomon & Herrera, PLLC. are each distinctively separate from the said

association or enterprise, in order to pursue and accomplish their common goal of destroying and

causing horrific losses to the property of Plaintiff Feige Zaretsky and businesses owned by

plaintiffs, through the means of RICO violations, thus they comprise and constitute an

"association-in-fact enterprise" for RICO purposes.  The objectives of this RICO enterprise by

association include, but are not necessarily limited to the following: to enrich the associated

members and their associates through revenue stolen as a direct result of the defendants businesses by promoting the use of racketeering acts resulting in a pattern of racketeering activity as defined in 18 United States Code §1962; and falling within the parameters of the prohibited activities proscribed by 18 United States Code §1961, including but not limited to, extortion, mail fraud, wire fraud, copyright theft, interstate travel in promotion of racketeering crimes., and which affect interstate and/or foreign commerce.

15.    As described further herein, the racketeering defendants, acting in concert and conspiracy as an association or RICO enterprise, cruelly targeted property, including real property, and businesses owned by Plaintiff Feige Zaretsky, a handicapped woman that is entirely deaf since her birth and severely learning disabled, and by her father, Plaintiff Aaron Berlin, a person that was illiterate in reading and writing in the English language, via direct commission of RICO predicate acts incorporated by defendants into a scheme consisting of a pattern of racketeering activities, while often acting behind the veil of Defendant Maxi-Aids and/or one or more of the other RICO enterprises cited hereinabove, in order to directly defraud the Plaintiff FEIGE ZARETSKY of her property and business ownership, and in fact did, by means of the RICO predicate acts described herein, directly defraud and cause horrific loss to her property, and likewise by means of the RICO predicate acts described herein did directly cause great damage and heavy losses to the businesses of Plaintiffs FEIGE ZARETSKY and Plaintiff AARON BERLIN.

16.    Defendant ELLIOT ZARETSKY is named herein as a party defendant for damages and injuries caused to Plaintiff FEIGE ZARETSKY and Plaintiff AARON BERLIN by his continuous commission of fraudulent acts and promoting racketeering crimes, resulting in a pattern of racketeering activity as defined in 18 United States Code §1962; and falling within the

parameters of the prohibited activities proscribed by 18 United States Code §1961, including, but not limited to, mail fraud, wire fraud, threats of death, threats of bombing the home of Plaintiff Aaron Berlin, extortion, copyright violations, transportation of goods in interstate and foreign commerce that were knowingly obtained by means of false or fraudulent pretenses and representations, and having derived income directly from a pattern of racketeering activity in violation of 18 USC §1962, while acting on behalf of himself and while acting in concert with other defendants herein, and with the intent of causing, and having directly caused, damage and loss to property of Plaintiff FEIGE ZARETSKY, and business belonging to Plaintiff FEIGE ZARETSKY and Plaintiff AARON BERLIN, as well as to unjustly enrich himself and the other defendants herein.

17.     As stated herein, Defendant Shirley Zaretsky maintains an unofficial role as a director and principal of Maxi-Aids, and is involved in the financial and certain banking operations, as well as decision maker and advisor to defendant Elliot Zaretsky.  She is kept privy as to all purchasing of stolen merchandise from members of the underworld.

18.     Defendant Harold Zaretsky is a principal and owner at Defendnat Maxi-Aids, and deals with the deliveries and label changing when purchasing cartons of stolen merchandise from members of the underworld.

19.     Defendant Robert Hewitt, Esq. Miranda 240 Mineola Blvd.-#1 Mineola, NY 11501  ("Robert Hewitt  ") is named herein as a party defendant for damages and injuries caused to Plaintiff FEIGE ZARETSKY and Plaintiff AARON BERLIN by his continuous commission of fraudulent acts and promoting  racketeering crimes, resulting in a pattern of racketeering activity as defined in 18 United States Code §1962; and falling within the parameters

of the prohibited activities proscribed by 18 United States Code §1961, some of which he acted in concert and conspiracy with DEFENDANT ELLIOT ZARETSKY, DEFENDANT HAROLD ZARETSKY and other defendants herein including, but not limited to, mail fraud, wire fraud, BAKRUPTCY fraud

20.     Defendant Miranda Sambursky Slone Sklarin Verveniotis, LLP   240 Mineola Blvd.-#1 Mineola, NY 11501  ("Miranda Sambursky Slone Sklarin Verveniotis, LLP ") is named herein as a party defendant for damages and injuries caused to Plaintiff FEIGE ZARETSKY and Plaintiff AARON BERLIN by his continuous commission of fraudulent acts and promoting  racketeering crimes, resulting in a pattern of  racketeering activity as defined in 18 United States Code §1962; and falling within the parameters of the prohibited activities proscribed by 18 United States Code §1961, some of which he acted in concert and conspiracy with DEFENDANT ELLIOT ZARETSKY, DEFENDANT HAROLD ZARETSKY and other defendants herein including, but not limited to, mail fraud, wire fraud, BAKRUPTCY fraud

21.     Defendant **HON. STEVEN M. JAEGER**   100 Supreme Court Drive Mineola, N.Y. 11501  ("**HON. STEVEN M. JAEGER** ") is named herein as a party defendant for damages and injuries caused to Plaintiff FEIGE ZARETSKY and Plaintiff AARON BERLIN by his continuous commission of fraudulent acts and promoting  racketeering crimes, resulting in a pattern of  racketeering activity as defined in 18 United States Code §1962; and falling within the parameters of the prohibited activities proscribed by 18 United States Code §1961, some of which he acted in concert and conspiracy with DEFENDANT ELLIOT ZARETSKY, DEFENDANT HAROLD ZARETSKY and other defendants herein including, but not limited to, mail fraud, wire fraud, BAKRUPTCY fraud

22. Defendant **SPECIAL REFEREE LAWRENCE M. SCHAFFER, 400 County Seat Drive, Mineola, New York, 11501** ("**SPECIAL REFEREE LAWRENCE M. SCHAFFER** ") is named herein as a party defendant for damages and injuries caused to Plaintiff FEIGE ZARETSKY and Plaintiff AARON BERLIN by his continuous commission of fraudulent acts and promoting racketeering crimes, resulting in a pattern of racketeering activity as defined in 18 United States Code §1962; and falling within the parameters of the prohibited activities proscribed by 18 United States Code §1961, some of which he acted in concert and conspiracy with DEFENDANT ELLIOT ZARETSKY, DEFENDANT HAROLD ZARETSKY and other defendants herein including, but not limited to, mail fraud, wire fraud, BAKRUPTCY fraud

23. Defendant **HON. UTE WOLFF LALLY** 100 Supreme Court Drive Mineola, N.Y. 11501 ("**HON. UTE WOLFF LALLY** ") is named herein as a party defendant for damages and injuries caused to Plaintiff FEIGE ZARETSKY and Plaintiff AARON BERLIN by his continuous commission of fraudulent acts and promoting racketeering crimes, resulting in a pattern of racketeering activity as defined in 18 United States Code §1962; and falling within the parameters of the prohibited activities proscribed by 18 United States Code §1961, some of which he acted in concert and conspiracy with DEFENDANT ELLIOT ZARETSKY, DEFENDANT HAROLD ZARETSKY and other defendants herein including, but not limited to, mail fraud, wire fraud, BAKRUPTCY fraud

24. Defendant Hon Thomas Feinman 100 Supreme Court Drive Mineola, N.Y. 11501 ("Hon Thomas Feinman ") is named herein as a party defendant for damages and injuries caused to Plaintiff FEIGE ZARETSKY and Plaintiff AARON BERLIN by his

continuous commission of fraudulent acts and promoting racketeering crimes, resulting in a pattern of racketeering activity as defined in 18 United States Code §1962; and falling within the parameters of the prohibited activities proscribed by 18 United States Code §1961, some of which he acted in concert and conspiracy with DEFENDANT ELLIOT ZARETSKY, DEFENDANT HAROLD ZARETSKY and other defendants herein including, but not limited to, mail fraud, wire fraud, BAKRUPTCY fraud

25.     Defendant MICHAEL G. MCAULIFFE, ESQ. 68 south service road, suite 100 Melville, new york 11747   ("MICHAEL G. MCAULIFFE, ESQ ") is named herein as a party defendant for damages and injuries caused to Plaintiff FEIGE ZARETSKY and Plaintiff AARON BERLIN by his continuous commission of fraudulent acts and promoting racketeering crimes, resulting in a pattern of racketeering activity as defined in 18 United States Code §1962; and falling within the parameters of the prohibited activities proscribed by 18 United States Code §1961, some of which he acted in concert and conspiracy with DEFENDANT ELLIOT ZARETSKY, DEFENDANT HAROLD ZARETSKY and other defendants herein including, but not limited to, mail fraud, wire fraud, BAKRUPTCY fraud

26.     Defendant DAVID WACHOLDER ("Wacholder") is named herein as a party defendant for damages and injuries caused to Plaintiff FEIGE ZARETSKY and Plaintiff AARON BERLIN by his continuous commission of fraudulent acts and promoting racketeering crimes, resulting in a pattern of racketeering activity as defined in 18 United States Code §1962; and falling within the parameters of the prohibited activities proscribed by 18 United States Code §1961, some of which he acted in concert and conspiracy with DEFENDANT ELLIOT ZARETSKY, DEFENDANT HAROLD ZARETSKY and other defendants herein including, but

not limited to, mail fraud, wire fraud, threats of bombing the home of Plaintiff Aaron Berlin,

threats of death, extortion, and having derived income directly from a pattern of racketeering

activity in violation of 18 USC 1962 while acting on behalf of himself and while acting in concert

with DEFENDANTS ELLIOT ZARETSKY, HAROLD ZARETSKY, DAVID WACHOLDER,

MICHAEL D. SOLOMON, DANIEL HERRERA, SUSAN RUBIN, SOLOMON & HERRERA,

PLLC., SHIRLEY ZARETSKY, PAMELA STEIN, LARRY DIBLASI, ANGELA GIGLIO,

TERESA BULTER, LATONYA THOMPSON, MARK FELDER, RICHARD SAMUELSON,

ILGAR, ABLE VISION, HEAR-MORE, and M & H, as described herein, and with the intent of

causing, and having directly caused, damage and loss to property belonging to Plaintiff FEIGE

ZARETSKY and to the businesses of Plaintiffs AARON BERLIN and FEIGE BERLIN, as well

as to unjustly enrich himself and defendants herein.


27.     Defendant PAMELA STEIN is named herein as a party defendant for damages and

injuries caused to Plaintiff FEIGE ZARETSKY and Plaintiff AARON BERLIN by her

continuous commission of fraudulent acts and promoting racketeering crimes, resulting in a

pattern of racketeering activity as defined in 18 United States Code §1962; and falling within the

parameters of the prohibited activities proscribed by 18 United States Code §1961, some of which

she acted in concert and conspiracy with DEFENDANT ELLIOT ZARETSKY, DEFENDANT

HAROLD ZARETSKY and other defendants herein, including but not limited to, mail fraud, wire

fraud, threats of death, threats of bombing the home of Plaintiff Aaron Berlin, extortion, copyright

violations, transportation of goods in interstate and foreign commerce that were knowingly

obtained by means of false or fraudulent pretenses and representations, and having derived

income directly from a pattern of racketeering activity in violation of 18 USC 1962 while acting

on behalf of herself and while acting in concert with other defendants herein, and with the intent

of causing, and having directly caused, damage and loss to property of Plaintiff FEIGE

ZARETSKY, and business belonging to Plaintiff FEIGE ZARETSKY and Plaintiff AARON

BERLIN, as well as to unjustly enrich herself and the other defendants herein.

28.    As stated herein Defendnat Pamela Stein is a director at Defendnat Maxi-Aids.

29.    Defendant SOLOMON & HERRERA, PLLC. (hereinafter referred to as

"SOLOMON & HERRERA"), a law firm in the State of New York, is named herein as a party

defendant for damages and injuries caused to Plaintiff FEIGE ZARETSKY and Plaintiff AARON

BERLIN by its judicial misconduct relating to its orchestrating and committing in concert with

DEFENDANT ELLIOT ZARETSKY and other defendants herein, RICO predicate acts, resulting

in a pattern of racketeering activity as defined in 18 United States Code §1962; and falling within

the parameters of the prohibited activities proscribed by 18 United States Code §1961, including

but not limited to, mail fraud, wire fraud, threats of bombing the home of Plaintiff Aaron Berlin,

threats of death, in addition to aiding and abetting other herein defendants with transporting goods

in interstate and foreign commerce that were knowingly obtained, or would be obtained, by

means of false or fraudulent pretenses and representations, and having derived income directly

from a pattern of racketeering activity, in violation of 18 USC 1962 while acting on behalf of

itself and in concert with other defendants herein, and with the intent of causing, and having

caused as a result of the aforesaid RICO predicate acts damage and loss to property belonging to

Plaintiff FEIGE ZARETSKY and business belonging to and Plaintiffs AARON BERLIN and

FEIGE ZARETSKY, as well as to unjustly enrich itself.

30.    Defendant DANIEL HERRERA, an attorney believed licensed in the State of New

York, is named herein as a party defendant for damages and injuries caused to Plaintiff FEIGE

ZARETSKY and Plaintiff AARON BERLIN by his judicial misconduct relating to his orchestrating and promoting and committing in concert with Defendant Elliot Zaretsky, and other defendants herein, RICO predicate acts, Defendant SUSAN RUBIN, an attorney believed licensed in the State of New York, is named herein as a party defendant for damages and injuries caused to Plaintiff FEIGE ZARETSKY and Plaintiff AARON BERLIN by her judicial misconduct relating to his orchestrating and promoting and committing in concert with Defendant Elliot Zaretsky, and other defendants herein, RICO predicate acts, resulting in a pattern of racketeering activity as defined in 18 United States Code §1962; and falling within the parameters of the prohibited activities proscribed by 18 United States Code §1961,

31.     Defendant Latonya Thompson is a customer service manager at Defendant Maxi-Aids, and works with bulk buys and special pricing.

32.     Defendant LARRY DIBLASI is named herein as a party defendant for damages and injuries he directly caused to Plaintiff FEIGE ZARETSKY and Plaintiff AARON BERLIN by her commission of racketeering crimes and fraudulent acts, some of which he acted in concert and conspiracy with DEFENDANT ELLIOT ZARETSKY, DEFENDANT HAROLD ZARETSKY and other defendants herein, resulting in a pattern of racketeering activity as defined in 18 United States Code §1962; and falling within the parameters of the prohibited activities proscribed by 18 United States Code §1961, including, but not limited to, mail fraud, wire fraud, threats of death, threats of bombing the home of Plaintiff Aaron Berlin, extortion, copyright violations, transportation of goods in interstate and foreign commerce that were knowingly obtained by means of false or fraudulent pretenses and representations, and having derived income directly from a pattern of racketeering activity in violation of 18 USC 1962 while acting on behalf of himself and while acting in concert with other defendants herein, and with the intent of causing, and having directly caused, damage and loss to property of Plaintiff FEIGE ZARETSKY, and

business belonging to Plaintiff FEIGE ZARETSKY and Plaintiff AARON BERLIN, as well as to unjustly enrich himself and the other defendants herein.

33.     Defendant Larry DiBlasi is an executive director at Maxi-Aids, and believed to be fully familiar with the purchasing of stolen goods from members of the underworld, and the selling of such goods, as well as overseeing the relabeling of such goods.

34.     Defendant TERESA BULTER is believed to be the financial and tax advisor for Defendnat Maxi-Aids.

35.     Defendant RICHARD L. HAUSE, ("RICHARD HAUSE") an attorney believed licensed in the State of New York, is named herein as a party defendant for damages and injuries caused to Plaintiff FEIGE ZARETSKY and Plaintiff AARON BERLIN by his judicial misconduct relating to his orchestrating and promoting and committing in concert with Defendant Elliot Zaretsky, and other defendants herein, RICO predicate acts, resulting in a pattern of racketeering activity as defined in 18 United States Code §1962; and falling within the parameters of the prohibited activities proscribed by 18 United States Code §1961, including but not limited to, mail fraud, wire fraud, threats of bombing the home of Plaintiff Aaron Berlin, threats of death, in addition to his aiding and abetting Defendant Maxi-Aids and DEFENDANT ELLIOT ZARETSKY and other defendants herein while acting in concert with other defendants herein and with the intent of causing, and having caused, as a direct result of the aforesaid RICO predicate acts, damage and loss to property belonging to Plaintiff FEIGE ZARETSKY and business belonging to and Plaintiffs AARON BERLIN and FEIGE ZARETSKY, as well as to unjustly enrich himself and certain other defendants herein that he is closely associated with.

36.     DEFENDANT SAMUELSON, HAUSE & SAMUELSON, LLP. (hereinafter referred to as "SAMUELSON, HAUSE & SAMUELSON"), a law firm  in the State of New York, is named herein as a party defendant for damages and injuries caused to Plaintiff FEIGE ZARETSKY and Plaintiff AARON BERLIN by its  judicial misconduct relating to its orchestrating and committing in concert with DEFENDANT ELLIOT ZARETSKY and other defendants herein, RICO predicate acts, resulting in a pattern of  racketeering activity as defined in 18 United States Code §1962; and falling within the parameters of the prohibited activities proscribed by 18 United States Code §1961, including but not limited to, mail fraud, wire fraud, threats of bombing the home of Plaintiff Aaron Berlin, threats of death, in addition to aiding and abetting other herein defendants while acting on behalf of itself and in concert with other defendants herein, and with the intent of causing, and having caused as a result of the aforesaid RICO predicate acts damage and loss to property belonging to Plaintiff FEIGE ZARETSKY and business belonging to and Plaintiffs AARON BERLIN and FEIGE ZARETSKY, as well as to unjustly enrich itself.

37.     DEFENDANT ALISA J. EPSTEIN , ("ALISA EPSTEIN") an attorney believed licensed in the State of New York, is a named herein as a party defendant for damages and injuries caused to Plaintiff FEIGE ZARETSKY and Plaintiff AARON BERLIN by her judicial misconduct relating to his orchestrating and promoting and committing in concert with Defendant Elliot Zaretsky, and other defendants herein, RICO predicate acts, resulting in a pattern of racketeering activity as defined in 18 United States Code §1962; and falling within the parameters of the prohibited activities proscribed by 18 United States Code §1961, The continious ongoing racketeering violations perpetrated at Defendant Maxi-Aids by and through  Defendnat Elliot Zaretsky, Defendant Harold Zaretsky, Pamela Stein and others employed there, can be assumed to

continue into the future, as it it the way Defendant Elliot Zaretsky enjoys doing business, and conducting his life.  On March 3, 2011, Defendant Harold delivered a message to Plaintiff Feige Zaretsky advising her that if she and her father Plaintiff Aaron Berlin, do not immediately close the instant case in the federal court that the home of Plaintiff Berlin would be bombed and destroyed.

38.       The "Doe" Defendants are persons and entities not identified by name, whose names are unknown at this time to plaintiffs, who participated as principals, co-conspirators and/or who aided and abetted defendants herein, and/or who were accessories, to promoting the RICO acts stated herein and other acts of misconduct toward plaintiffs herein and that are described herein, and who will be named to the instant action upon discovery of their identities.

39.       The Defendant HEAR-MORE may be liable funds to Plaintiffs derived from the racketeering activities of DEFENDANTS ELLIOT ZARETSKY, HAROLD ZARETSKY, DAVID WACHOLDER, MICHAEL D. SOLOMON, DANIEL HERRERA, SUSAN RUBIN, SOLOMON & HERRERA, PLLC.,  SHIRLEY ZARETSKY, PAMELA STEIN, LARRY DIBLASI, ANGELA GIGLIO, TERESA BULTER, LATONYA THOMPSON, MARK FELDER, RICHARD SAMUELSON, MAXI-AIDS, ILGAR, ABLE VISION, M & H, and itself.

## PERTINENT BACKGROUND
### Part II

40.       Plaintiff Feige Zaretsky was married to Defendant Harold Zaretsky from May 29, 1994, until September 4, 2008.

41.     In 2004, immediately following Plaintiff's engagement to be married to Defendant Harold Zaretsky, Plaintiff Feige Zaretsky was instructed to come a few times a week to the office of MAXI-AIDS, INC., located at 42 Executive Boulevard, Farmingdale, New York 11735.  At the Maxi-Aids corporate office Plaintiff Feige Zaretsky was directed by DEFENDANT ELLIOT ZARETSKY, and/or DEFENDANT HAROLD ZARETSKY, and/or DEFENDANT PAMELA STEIN, and/or DEFENDANT SHIRLEY ZARETSKY to sign literally hundreds of documents on behalf of Defendant MAXI-AIDS, INC.  The signing process lasted for hours, usually with one of the Zaretsky defendants or their agents taking turns standing over Plaintiff Feige Zaretsky and demanding that she keep signing and not slow down.  Plaintiff Feige Zaretsky was often turning pages and signing till her fingers and hand were numb and felt like wood.  It was difficult for her to complain by sign language because her hand was in so much pain.  These long extended signing procedures were not just physically painful, but extremely stressful on her emotional state of mind.

42.     Absent an explanation from a person with much patience who knows how to communicate to Plaintiff Feige Zaretsky with sign language, she cannot comprehend what may appear to someone else as a simple document.

43.     Prior to the aforesaid engagement to be married in 1994, the DEFENDANTS ELLIOT ZARETSKY, HAROLD ZARETSKY, PAMELA STEIN, AND SHIRLEY ZARETSKY had met Plaintiff Feige Zaretsky many times and were well aware of the extent of her learning disability.  They realized that they could take advantage of Plaintiff Feige Zaretsky by having her sign papers that she was unable to understand.  Plaintiffs strongly believe today that this was precisely the reason why they wanted Plaintiff Feige Zaretsky in their family.

44.     As more fully described hereinbelow, Plaintiff Feige Zaretsky was early on never given by DEFENDANT ELLIOT ZARETSKY, and/or DEFENDANT HAROLD ZARETSKY, and/or DEFENDANT PAMELA STEIN, and/or DEFENDANT SHIRLEY ZARETSKY the specifics as to what she was being instructed by them on any particular day to sign.  During those times, Plaintiff Feige Zaretsky occasionally asked them about a particular document or documents, but was usually not given any direct answer, only told to keep signing.

45.     Plaintiff Feige Zaretsky did eventually become aware from employees at MAXI-AIDS during or about February 1995, not very long after Plaintiff Feige Zaretsky was being instructed by Defendant Elliot Zaretsky and/or Defendant Shirley Zaretsky and/or Defendant Pamela Stein to sign Defendant Maxi-Aids' company checks, that she had been legally elected to be MAXI-AIDS' female and handicapped president, and that she was additionally made to be the legal majority shareholder, in order for Defendant MAXI-AIDS, Inc. to be considered a Handicapped Owned Small Disadvantaged Business and Woman Owned Business, which allowed it to reap the great advantages provided on bids for contracts and sales to United States government funded hospitals, Veterans Associations among many others.

46.     For the most part, Plaintiff Feige Zaretsky was signing the documents and checks, in her capacity as the president and majority owner of MAXI-AIDS, INC.

47.     Additionally, Plaintiff Feige Zaretsky was signing on behalf of the DEFENDANT ILGAR a/k/a ABLE VISION, as its owner.

48.     Plaintiff Feige Zaretsky was forced to pay a heavy "price" for the privilege of being the principal owner of Maxi-Aids and for signing all the business dealings that were directly associated with both building up and maintaining MAXI-AIDS.

49.     As the years went on, DEFENDANTS ELLIOT ZARETSKY, HAROLD ZARETSKY, PAMELA STEIN, and SHIRLEY ZARETSKY took more and more advantage of PLAINTIFF FEIGE ZARETSKY. Plaintiff Feige Zaretsky was physically abused by the aforesaid defendants and turned into what appeared to be their slave.  Plaintiff Feige Zaretsky was physically beaten when she complained to be tired or in pain, and unable to sign the hundreds of bid sheets placed before her by the aforesaid defendants.  Whenever the aforesaid defendants felt she was not signing fast enough or not doing whatever they demanded of her, she was publicly abused, humiliated, and threatened with further abuse should she refuse to comply to their demands.  The aforesaid defendants humiliated her with sign language, and in front of persons fluent in sign language, or Plaintiff Feige Zaretsky was told in sign language by the aforesaid defendants what the people around her had just been told verbally about her, and why they were laughing at her.

50.     On many occasions Plaintiff Feige Zaretsky was physically grabbed Defendant Elliot Zaretsky inappropriately.  To further the humiliation, very often Defendant Elliot Zaretsky physically forced Plaintiff Feige Zaretsky to sit on his lap in front of MAXI-AIDS employees. Plaintiff Feige Zaretsky was treated by Defendants Elliot Zaretsky, Harold Zaretsky and Shirley Zaretsky not as a person but as though she was sub-human.

51.     It was common practice whenever the aforesaid defendants considered Plaintiff Feige Zaretsky to be disobedient, that Defendant Harold Zaretsky, on direct instructions from his

father Elliot Zaretsky would painfully stomp upon her feet, or he would hit her very hard on the top of her head. From the battering Plaintiff Feige Zaretsky suffered excruciating headache pain pain. The headache pain often lasted for days, only to get a repeat bang in the head just when she was beginning to feel better. The aforesaid defendants believed that by hitting Plaintiff Feige Zaretsky in those places she could be physically abused without the physical evidence of having been battered.

52.    During about the end of August or early September of 2004, Plaintiff Feige Zaretsky found out that the Defendants Elliot Zaretsky, Harold Zaretsky, Pamela Stein, and Shirley Zaretsky, acting through Defendant Maxi-Aids were involved in buying and selling merchandise stolen from hijacked trailers, and illegal imports and exports. Accordingly, Plaintiff Feige Zaretsky refused to sign for the company any more. Because Plaintiff Feige Zaretsky took such a defiant position, Defendant Harold Zaretsky physically beat her mercilessly, advising her that Defendant Elliot Zaretsky had ordered him to do so because she refuses to sign further for the Defendant Max-Aids, Inc. Said beating took place in Brooklyn, New York.

53.    About two days later, Defendant Harold Zaretsky, on orders from his father, Defendant Elliot Zaretsky, repeatedly bashed the plaintiffs' head against a wall. Just five minutes before Plaintiff Feige Zaretsky was attacked on that day, both Defendants Harold Zaretsky and Elliot Zaretsky were communicating in a guarded way, so that Plaintiff Feige Zaretsky should not comprehend their sign language.

54.    Because Defendant Harold Zaretsky is deaf, he was unaware that someone walked into the room and witnessed his assaulting and battering plaintiff. Defendant Harold Zaretsky was subsequently arrested for assault and battery.

55.     Because of Plaintiff Feige Zaretsky's adamant refusal to sign for Defendant Max-Aids, and work together with DEFENDANTS ELLIOT ZARETSKY, HAROLD ZARETSKY, PAMELA STEIN, and SHIRLEY ZARETSKY ever again, she became entirely worthless to them. Defendant Harold was instructed by Elliot on the very next day following his arrest to file for divorce.

56.     During the years that Plaintiff Feige Zaretsky was married to Defendant Harold Zaretsky, she was made to understand by Defendant Maxi-Aids' alleged representatives and employees that she was needed as a woman and handicapped person, among other thing, for purchasing merchandise and signing federal government bids relating to purchases and sales. Many of the bids that Plaintiff Feige Zaretsky signed were government bids, including but not limited to bids submitted to the Veterans Association.

57.     Plaintiff Feige Zaretsky was the essential and most necessary cog in the Maxi-Aids, Inc. business operation, because she is a handicapped woman and was made the majority shareholder of the company, which made her eligible to submit bids on United States government projects and permit Maxi-Aids to reap other benefits associated therewith.

58.     Another reason why Plaintiff Feige Zaretsky was a necessary party to signing the corporate documents belonging to Defendant Max-Aids was that the Zaretsky defendants herein were facing legal obstacles with using their own names on many bids and purchases, and Plaintiff Feige Zaretsky was able to sign using her maiden name, Berlin.

59.     The Defendant Elliot Zaretsky, upon hearing that heavily subsidized braillers were to be provided to help the blind children and adults in Africa, founded a fraudulent scheme which

called for in a continuous pattern of repeated wire fraud, mail fraud, in connection with

transportation of cases upon cases of braillers in interstate and foreign commerce that were

knowingly obtained by means of false or fraudulent pretenses and representations, as well as other

RICO criminal activities, all of which were to be carried out behind the Defendant Maxi-Aids,

and when necessary through Defendant ILGAR..

60.     Defendant Elliot Zaretsky created in Africa over a hundred bogus companies and

fake schools, all pretending to be buyers and end users of Braille machines for the African blind.

Defendant Elliot Zaretsky, over a period of many years, while acting behind Defendant Maxi-

Aids, bought tens of thousands of the machines under those bogus companies for approximately

$265.00 cheaper than he would have to pay when purchased without the benefit of the subsidized

discount in the USA directly from the manufacturer.  Defendant Elliot Zaretsky, acting behind

Defendant Maxi-Aids, then forwarded the braillers back to the United States where they were

misrepresented as being manufactured in the USA and sold at the regular price with a falsified

warranty, to make it appear legitimate.

61.     The stolen braillers were never replaced, resulting in thousands upon thousands of

African blind children loosing forever the only opportunity in their lives to possess a Braille

typewriter and having a means of written communication with the outside world.

62.     The aforementioned fraud scheme was accomplished by DEFENDANT ELLIOT

ZARETZKY, TOGETHER WITH DEFENDANTS SHIRLEY ZARETSKY, HAROLD

ZARETSKY, PAMELA STEIN, LARRY DIBLASI, LATONYA THOMPSON, TERESA

BULTER, thereby promoting  a pattern of RICO activity as defined in 18 United States Code

Section 1962; and falling within the parameters of the prohibited activities proscribed by 18

United States Code Section 1961, all the while acting behind the veil of the RICO Enterprise, Defendant Maxi-Aids and ILGAR.

63.     The manufacturer of the aforementioned brailers, namely Perkins School for the Blind, sued Defendant Maxi-Aids, Inc. That case, as well as other cases of fraud filed against Defendants Elliot Zaretsky and Maxi-Aids, et al were heard before the HON. JUDGE ARTHUR D. SPATT of this United States Court, and who remains familiar with the corrupt shenanigans continuously perpetrated by DEFENDANT ELLIOT ZARETSKY.

64.     Additionally, at that time, Perkins School refused to knowingly do business with Defendant Maxi-Aids, Inc, or any of the Zaretsky defendant con artists.

65.     Moreover, a national boycott was organized against Defendant Maxi-Aids, Inc. and against the Zaretsky defendants. The boycott was strongly endorsed by the editor of The Braille Monitor[2]. An article written by the editor of The Braille Monitor, and which describes the boycott, was published in July 2002.

66.     For reasons such as the above, among others, Maxi-Aids Inc., in order to continue in business required a front person and a pseudonym. As seen next, Plaintiff Feige Zaretsky was that front person, Defendant ILGAR was that pseudonym.

67.     During about 1997, the Zaretsky defendants, acting on behalf of Defendant Maxi-Aids, created on behalf of Defendant Maxi-Aids, a company named ILGAR, Inc., which did

---

[2] The **Braille Monitor** is a magazine and the leading publication of the National Federation of the Blind. It carries the logo *"Voice of the Nation's Blind"*, for it covers the events and activities of the National Federation of the Blind ("NFB") and addresses the many issues and concerns of the blind. Additionally, it offers a positive philosophy about blindness to both blind

business under the name Able-Vision.  At times and when necessary, the Defendant Maxi-Aids conducted its' business through and behind Defendant ILGAR, Inc., a/k/a ABLE VISION.

68.    Plaintiff Feige Zaretsky, under her maiden name FEIGE BERLIN was made the exclusive shareholder and president of Ilgar, Inc a/k/a Able Vision a/k/a Maxi-Aids, and remained as such until she transferred a portion of those shares to Plaintiff Aaron Berlin for value received during July 2010.

69.    The official business address for Defendant Ilgar, Inc. a/k/a Able Vision a/k/a Maxi-Aids was P.O. Box 3459, Farmingdale, New York 11735.  The office from where Defendant ILGAR physically conducted its business was one and the same as the office of Defendant Maxi-Aids, Inc., located at Executive Drive in Farmingdale, New York.

70.    Likewise the telephone calls for Ilgar Inc. a/k/a Able-Vision, both inbound and outbound, were conducted directly inside the office of Maxi-Aids, Inc.

71.    Defendant Ilgar Inc. was just a disguised name or front for Defendant Maxi-Aids, Inc. Without Defendant Ilgar a/k/a Defendant Able Vision, Defendant Maxi-Aids would have lost millions of dollars and not been able to exist.

72.    Prior to Defendants Elliot Zaretsky and Maxi-Aids being sued by Perkins School, as well as during the time of that litigation, and during the time after that litigation, thousands upon thousands of braillers were being continuously shipped to Maxi-Aids directly through the home of Plaintiff Feige Zaretsky, located at 10 Chestnut Drive in Plainview, New York.

readers and the public at large; serves as a vehicle for advocacy and protection of civil rights; addresses social concerns affecting the blind. community.

73.     Prior to the Defendants Elliot Zaretsky and Maxi-Aids being sued by the aforementioned Perkins School, as well as during the time of that litigation, and during the time after that litigation, thousands upon thousands of fraudulently obtained braillers were being continuously shipped to Defendant Maxi-Aids directly through the home of Plaintiff Feige Zaretsky located in Plainview, New York.

74.     Plaintiff Feige Zaretsky was instructed by the herein Zaretsky defendants, all of whom were acting in concert and together on behalf of Defendant Maxi-Aids with regard to the RICO fraud scheme upon Perkins school, the blind African communities, and the American charities that subsidized the costs, to be at her home when the shipments arrived and to sign for the deliveries.

75.     The Plaintiff Feige Zaretsky was further instructed by the herein Zaretsky defendants, all of whom were acting in concert and together on behalf of Defendant Maxi-Aids, to call Defendant Harold Zaretsky, or the other Zaretsky defendants at the Maxi-Aids office and advise them when the deliveries of the cases of braillers were completed.

76.     Immediately following the phone call as to the arrival of the shipments of the fraudulently obtained braillers, the Defendant Harold Zaretsky would arrive to the aforesaid home with an employee from Defendant Maxi-Aids and remove the labels from the cartons and put on different labels, and then take the braillers back to the office location of Defendant Maxi-Aids, where they were sold at regular price as USA goods.

77.     The aforesaid braillers were delivered to the home of Plaintiff Feige Zaretsky under

the name Ilgar Inc. and/or Able-Vision, or under plaintiff's maiden name Feige Berlin, and

"Berlin Imports".

78.     While most of the time the aforesaid braillers were removed from plaintiff's

residence within an hour after their arrival, on some occasions the braillers remained there over

night while piled to the ceiling in the plaintiff's double car garage.

79.     Plaintiff Feige Zaretsky was the official signer for accepting the aforesaid brailler

shipments while completely unaware that she was participating in an illegal fraud scheme, or

prohibited RICO activities.

80.     The approximate time period in which the aforesaid braillers shipped from Africa

and were arriving via Plaintiff's home and being received and signed for by Plaintiff was from

year 2000 through the approximately the end of August 2004.

81.     Upon information and belief, prior to the time period that the brailler shipments

being made directly through plaintiff's home there were an additional tens of thousands of

braillers being shipped and delivered directly to the Defendant Maxi-Aids' corporate office

address located at 42 Executive Boulevard, Farmingdale, New York.

82.     Plaintiff Feige Zaretsky was not made privy to the litigation commenced by Perkins

School against the herein Zaretsky defendants and Maxi-Aids, and was kept ignorant at the time

as to the reason why the braillers from Africa were being diverted through her home and being

delivered under another name. Only after the divorce was commenced between Plaintiff Feige

Zaretsky and the herein Defendant Harold Zaretsky, did Plaintiff Feige Zaretsky become aware

that she had been tricked by the herein Zaretsky defendants, acting on behalf of themselves and on behalf of Defendant Maxi-Aids, to participate in their fraud scheme against the African blind community and against the American charities that subsidized the costs of the braillers.

83.     Moreover, on very many occasions there were cases upon cases containing expensive watches, high priced cameras, valued in excess of five thousand dollars per case, and other types of valuable merchandise packed in cases, that Defendant Harold Zaretsky, while acting on behalf of, and behind the veil of Defendant Maxi-Aids, acting under the pseudonym "Berlin Imports", and on behalf of, and in concert with DEFENDANT ELLIOT ZARETZKY, together with DEFENDANTS SHIRLEY ZARETSKY, HAROLD ZARETSKY, PAMELA STEIN, LARRY DIBLASI, LATONYA THOMPSON, TERESA BULTER, was bringing through the home of Plaintiff Feige Zaretsky before selling them or taking back to the corporate office of Defendant Maxi-Aids.

84.     It was after Plaintiff Feige Zaretsky finding out through Defendant Harold Zaretsky in late August or early September of 2004 that the aforesaid watches, cameras and other type merchandise that he together with the other aforesaid defendants were dealing in, were in fact stolen off trailers that were hijacked on cross-country highways, that she proclaimed her refusal from that point onward not to ever sign her name to another document on behalf of Maxi-Aids, "Berlin Imports" or any other name for the aforesaid defendants.

85.     Notwithstanding the racketeering crimes perpetrated by the aforesaid defendants, Plaintiff Feige Zaretsky was officially, and still remains, the president and primary shareholder of the Defendant MAXI-AIDS, Inc.  Plaintiff Feige Zaretsky never conveyed her rights to MAXI-

AIDS, Inc. in whole or in part, to Elliot Zaretsky and/or Shirley Zaretsky and/or Harold Zaretsky or any of their associates.

86.     Plaintiff Feige Zaretsky never received any monetary consideration or other value from the herein Zaretsky defendants or anyone else associated with them for any purported acquisition, in whole or in part, for her ownership in MAXI-AIDS, Inc.

87.     During the divorce proceedings between herein Plaintiff Feige Zaretsky and herein Defendant Harold Zaretsky, the Defendant Harold Zaretsky on advice of Defendant Elliot Zaretsky, calculatedly never demanded distribution of any of the shares of the majority ownership of the Defendant Maxi-Aids, Inc. that belonged to Plaintiff Feige Zaretsky since at least February 2005, early on in their marriage.

88.     Defendants Elliot Zaretsky, Shirley Zaretsky and Harold Zaretsky, all know very well that Plaintiff Feige Zaretsky was and still remains the owner of Defendant Maxi-Aids, Inc., and that they could not legally out vote her as its president.

89.     On or about September 13, 2004, after service of an Action for Divorce was made upon Plaintiff Feige Zaretsky, the Plaintiff Aaron Berlin received a phone call from Defendant Elliot Zaretsky, and where he was looking to hear the reaction of plaintiffs, complained to him as to why his son Harold had been arrested by Plaintiff Feige Zaretsky.  During said conversation, Defendant Elliot Zaretsky insisted that he deserved special appreciation from Plaintiff Feige Zaretsky because she was provided with a high standard of living for nine years, stemming from monies that belonged to him through Defendant Maxi-Aids.

90.     In response to the aforesaid, Plaintiff Aaron Berlin reminded him that Maxi-Aids was, and still belongs to Plaintiff Feige Zaretsky, as she retains the majority stock in Maxi-Aids, that she is the president of Maxi-Aids, and that now that the marriage is in court, he will be going with his daughter Feige to federal court and sue him for racketeering and triple damages and for the full control of Maxi-Aids, after which will be sold to his competition.

91.     Defendant Elliot Zaretsky, upon hearing the aforesaid words of Plaintiff Aaron Berlin became infuriated, and threatened him that he would be literally killed if ever did such a thing, and that even if he didn't carry out the threat, he would be sorry for the rest of his life for even implying such a thing.

92.     After hearing the mafia style threats from Defendant Elliot Zaretsky, Plaintiff Aaron Berlin slammed the phone down on him.  Defendant Elliot Zaretsky called back Plaintiff Aaron Berlin a few minutes later adding another death threat against Plaintiff Feige Zaretsky and her three children, who are likewise his own grandchildren.

93.     Defendant Elliot Zaretsky was subsequently arrested by the police for having made the aforesaid death threats, on or about October 15, 2004.

94.     During the same time period as the aforesaid phone calls, a certain non-party to this action, who is likewise a non-employee of Defendant Maxi-Aids, called by phone to Plaintiff Aaron Berlin demanding that he and Plaintiff Feige Zaretsky immediately proceed to the office of Defendant Elliot Zaretsky and sign a release of all claims against Defendant Elliot Zaretsky and Defendant Maxi-Aids.

95.     Defendants Elliot Zaretsky, Shirley Zaretsky, Harold Zaretsky, acting in concert and conspiracy with Defendant Pamela Stein and Defendant Maxi-Aids, in their bid to thoroughly harass and shakedown the plaintiffs herein sought to overwhelm them with immense frivolous litigation in the hope that plaintiffs would be so broken, both emotionally and economically, that they would not ever consider bringing the instant federal action seeking ownership of Defendant Maxi-Aids and payment of the sustained damages.

96.     As set forth further herein, in addition to the aforesaid frivolous litigation campaign, the aforesaid defendants in order to further shake down the Plaintiffs so that they can be certain to wrest away the plaintiffs business ownership rights, did also during their litigation campaign resort to bribery, extortion threats, theft, mail fraud, wire fraud and other RICO crimes, all of which are described in the herein amended complaint.

97.     During a court proceeding held on May 7, 2009, and where plaintiffs herein were never advised of such proceeding, DEFENDANTS ELLIOT ZARETSKY, SHIRLEY ZARETSKY, HAROLD ZARETSKY, MAXI-AIDS, together with DEFENDANTS LARRY DIBLASI, LATONYA THOMPSON, TERESA BULTER, in order to obtain a maximum amount money judgment against Plaintiff Feige Zaretsky, falsely testified as to purported damages in the millions of dollars caused by Plaintiff Feige Zaretsky for having allegedly contacted with libelous emails the tens of thousands of customers from Maxi-Aids, by using the customer list that remains in her possession since 2004.

98.     DEFENDANT ELLIOT ZARETSKY never brought an action against Feige Zaretsky for the customer list of Maxi-Aids in her possession, not before her divorce, not during and never afterward, including never after May 7, 2009, in fear of the counterclaim.

99.     Defendants Elliot Zaretsky, Shirley Zaretsky and Harold Zaretsky, all know too well that Plaintiff Feige Zaretsky never abdicated her position as president of the Defendant Maxi-Aids, Inc. and were accordingly fearful in any court to challenge her right to possess the Defendant Maxi-Aids' customer list.

100.    Likewise, during the divorce proceedings between herein Plaintiff Feige Zaretsky and herein Defendant Harold Zaretsky, the Defendants Elliot Zaretsky, Shirley Zaretsky and Harold Zaretsky, conveniently relied upon the ignorance and fears of the plaintiffs herein as to the majority ownership rights of Plaintiff Feige Zaretsky to Defendant Maxi-Aids, Inc., and accordingly took the position "let sleeping dogs lie", and did not formally bring up the matter.

101.    During the aforesaid divorce proceedings DEFENDANT ELLIOT ZARETSKY, acting in concert and conspiracy WITH DEFENDANTS SHIRLEY ZARETSKY, PAMELA STEIN, MAXI-AIDS and HAROLD ZARETSKY, paid off and  RAOUL FELDER and RAOUL FELDER & PARTNERS, who had been retained on or about September 22, 2004 by plaintiffs herein to be the attorneys for herein Plaintiff Feige Zaretsky.

102.    During the aforesaid divorce proceedings DEFENDANT ELLIOT ZARETSKY, acting in concert and conspiracy WITH DEFENDANTS SHIRLEY ZARETSKY, PAMELA STEIN, MAXI-AIDS and HAROLD ZARETSKY, paid off and bribed DEFENDANT RICHARD L. HAUSE and DEFENDANT SAMUELSON, HAUSE & SAMUELSON, LLP, who had been

retained on or about May 18, 2005 by plaintiffs herein, on the strong advice and together with strong threats from DEFENDANT RAOUL FELDER, acting on his own behalf and on behalf of his firm DEFENDANT RAOUL FELDER & PARTNERS,  to be the attorneys for herein Plaintiff Feige Zaretsky.

103.    During or about October 2004, DEFENDANTS RAOUL FELDER and FELDER & PARTNERS, upon hearing and seeing evidence that Plaintiff Feige Zaretsky had majority ownership rights to DEFENDANT MAXI-AIDS, advised the DEFENDANT ELLIOT ZARETSKY of that information.   Soon thereafter, DEFENDANTS RAOUL FELDER and FELDER & PARTNERS, demanded that Plaintiffs bring the written documentation which consisted of about nine large cartons to their office, while falsely saying that they would be proceeding in court seeking Plaintiff Feige Zaretsky's ownership claim to Defendant Maxi-Aids and Ilgar.

104.    Said cartons with the specified information were delivered in three shipments to the office of DEFENDANTS RAOUL FELDER and FELDER & PARTNERS, beginning late October 2004 and were completed by or about early January 2005.  Plaintiffs were advised that they would be proceeding in court on the matter very soon thereafter.

105.    Unknown to Plaintiffs herein, by late November 2004, DEFENDANTS RAOUL FELDER and FELDER & PARTNERS, had received the bribes mentioned hereinabove and were working together with DEFENDANT ELLIOT ZARETSKY in conspiracy to destroy the plaintiffs property rights in DEFENDNATS MAXI-AIDS and ILGAR.

106.     DEFENDANTS RICHARD HAUSE, and DEFENDANT SAMUELSON, HAUSE & SAMUELSON, LLP, acting in concert and conspiracy with DEFENDANT SAMUELSON, HAUSE & SAMUELSON, LLP, took bribes from DEFENDANT ELLIOT ZARETSKY, who was acting in concert and conspiracy with the other Zaretsky defendants and with Defendant Pamela Stein, so as to assure him that they wont proceed with any claims on behalf of Plaintiffs herein, and to assure him that Plaintiff Feige Zaretsky will be brutally defeated in the Family Court as well.

107.     At a time between May 18, 2005 and March 2007, without the consent or knowledge of Plaintiffs herein, DEFENDANT RICHARD HAUSE, and DEFENDANT SAMUELSON, HAUSE & SAMUELSON, LLP, acting together and in concert and conspiracy with Defendant Elliot Zaretsky, shipped the said nine cartons with evidence, belonging to Plaintiffs herein, to Defendant Elliot Zaretsky, thereby causing heavy damage to Plaintiffs property rights.

108.     Moreover, DEFENDANT RICHARD HAUSE, and DEFENDANT SAMUELSON, HAUSE & SAMUELSON, LLP, acting together and in concert and conspiracy with Defendant Elliot Zaretsky, told numerous different witnesses at the divorce trial of herein Plaintiff Feige Zaretsky, who appeared on her behalf, to deliberately lie to the court , and to fool the presiding judge, in order not to harm the interests of Herein Defendant Elliot Zaretsky and Defendant Harold Zaretsky, and to assure that the bribes arriving from Defendant Elliot Zaretsky does not stop arriving.

109.    During about December 2006, Plaintiff Aaron Berlin appeared at the office of Defendant Richard Hause and demanded the return of the nine large cartons of evidence that were give to him on behalf of Plaintiffs on May 18, 2005.

110.    Defendant Richard Hause without denying receipt of same, falsely insisted that he is using the documents and needs them for the divorce trial.

111.    Defendant Richard Hause was lying.  He never used the documents and never intended to return the documents to Plaintiffs herein. Instead, the documents were fraudulently delivered to DEFENDANT ELLIOT ZARETSKY, so as to deprive Plaintiffs of their multi-million dollar business ownership.

112.    On April 13, 2007, the Defendant Richard Hause was ordered by Judge Scher at the Supreme Court of Nassau County to return the cartons of evidence to Plaintiff Feige Zaretsky's then attorney, Mr. Louis Labert, Esq.

113.    In place of returning nine large cartons as ordered by the Court,

**Defendant Richard Hause, handed back a few small insignificant folders, less than an amount to fill a sixteenth of a carton, and nothing more.**

114.    On March 5, 2007, as a direct result of the aforementioned bribery received, and in furtherance of the fraud scheme perpetrated upon Plaintiff Feige Zaretsky by DEFENDANTS RICHARD L. HAUSE, and SAMUELSON, HAUSE & SAMUELSON, LLP, acting in concert and conspiracy with DEFENDANTS RAOUL FELDER and FELDER & PARTNERS, the DEFENDANT RICHARD HAUSE, deliberately lied to herein Plaintiff Feige Zaretsky , telling her to sign a stipulation with her estranged husband and where she unwillingly consented to a stipulation of

joint custody relating to her three children with Defendant Harold Zaretsky, by falsely advising

Plaintiff Feige Zaretsky that her father, Plaintiff Aaron Berlin had instructed him to tell her to sign said

stipulation prior to his leaving the court building to attend to a falsified emergency relating to one of

her children, and where the false emergency was orchestrated by Defendant Elliot Zaretsky, so as to

assure no opposition to the fraudulent scheme from Plaintiff Aaron Berlin.

115.    That during the aforesaid visit of Defendant David Wacholder at the home of

Plaintiff Aaron Berlin, located at 1909 New York Avenue, Brooklyn, New York, the Defendant

David Wacholder, acting in concert and in conspiracy with Elliot Zaretsky, Harold Zaretsky,

Shirley Zaretsky and Maxi-Aids, successfully tricked, duped and conned the Plaintiff Aaron

Berlin to retain him as the attorney for Plaintiff Feige Zaretsky.

116.    Defendant David Wacholder knew he was deceiving Plaintiffs, and believed that

Plaintiffs would rely upon his representations, and act, or permit him to act according to plan.

117.    On September 5, 2008, at approximately 12:42 P.M. the Defendant David

Wacholder, acting in concert and in conspiracy with Defendants Elliot Zaretsky, Harold Zaretsky,

Shirley Zaretsky, Maxi-Aids, Michael Solomon, Daniel Herrera, Susan Rubin, and SOLOMON &

HERRERA, PLLC., and while at the home of Plaintiff Aaron Berlin, personally forwarded

another copy of his prepared multi-page (alleged libelous) document directly to the email address

of Maxi-Aids, Inc. that he was provided with from Elliot Zaretsky, while using the computer

belonging to Plaintiff Aaron Berlin.

118.    Defendants Elliot Zaretsky, Harold Zaretsky, Shirley Zaretsky, Maxi-Aids, eagerly

filed their planned Summons and Verified Complaint at the Nassau County Supreme Court, under

Index No. 17869/08, on September 26, 2008. Plaintiff Elliot Zaretsky verified the instant Verified

Complaint on September 25, 2008. (Figuratively, the aforesaid summons and complaint was verified

and filed before the ink on the subject document even had a chance to dry.)

119.     Upon information and belief, the aforementioned libelous fraud scheme and the required

instructions for carrying out the intricate legal details of the fraud scheme was pre-drafted, designed

and authored during July and August 2008 and by Defendants Michael Solomon, Daniel Herrera,

and Susan Rubin, acting individually and collectively under the name of their association and

racketeering enterprise, SOLOMON & HERRERA, PLLC.

120.     For all the reasons set forth above, Defendants Elliot Zaretsky, Harold Zaretsky,

Shirley Zaretsky, Maxi-Aids, Michael Solomon, Daniel Herrera, Susan Rubin, and SOLOMON &

HERRERA, PLLC. and David Wacholder were the proximate cause of plaintiffs' judgments,

losses and damages.


<u>FIRST CAUSE OF ACTION</u>

121.     Plaintiffs repeat and reallege each and every allegation as more fully set forth

hereinbefore as if fully set forth hereinafter.


122.     DEFENDANTS ELLIOT ZARETSKY, SHIRLEY ZARETSKY, HAROLD

ZARETSKY, ANGELA GIGLIO, PAMELA STEIN, MICHAEL D. SOLOMON, LATONYA

THOMPSON, LARRY DIBLASI, TERESA BULTER, DAVID WACHOLDER, MARK

FELDER, SUSAN RUBIN, DANIEL HERRERA, MICHAEL D. SOLOMON, RICHARD L.

HAUSE, RAOUL FELDER,  and ALISA J. EPSTEIN acting in concert and conspiracy in

violation of the RICO statute as set forth in 18 U.S.C. 1962, have directly caused damage, injury, and loss to the herein Plaintiffs businesses and to the property of Plaintiff Feige Zaretsky located at 10 Chestnut Drive, located in Plainview, New York.

## SECOND CAUSE OF ACTION

123.     Plaintiffs repeat and reallege each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

124.     As a result of the RICO violations continuously committed in the regular course of business of MAXI-AIDS, Inc. and ILGAR, Inc. a/k/a ABLE VISION , and HEAR MORE, by Defendant Elliot Zaretsky and the other defendants, as set forth hereinabove, same should not be entitled to continuously be enriched from the proceeds derived from a business that they robbed from plaintiffs and which they operated as a RICO Enterprise.

125.     Accordingly, the totality of the circumstances clearly justifies imposition of issolution or reorganization of Defendants MAXI-AIDS, Inc., ILGAR, Inc. a/k/a ABLE VISION, and HEAR MORE. pursuant to the 18 U.S.C. ¶ 1964(a)

## THIRD CAUSE OF ACTION
### (Alternative Pleading)

126.     Plaintiffs repeat and reallege each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

127.     That as a result of the RICO violations continuously committed in the regular course of business by Defendant Elliot Zaretsky and the other defendants, as set forth hereinabove, the

defendants currently operating Defendants MAXI-AIDS, Inc., ILGAR, Inc. a/k/a ABLE VISION, and HEAR MORE,  should be enjoined from continuing to operate same or similar type of enterprise.

## FOURTH CAUSE OF ACTION

128.    Plaintiffs repeat and reallege each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

129.    This Honorable Court should declare Plaintiffs as being the majority owner of Defendant Maxi-Aids, Inc., and the exclusive owner of ILGAR, Inc. a/k/a ABLE VISION, and allow Plaintiffs to immediately sell said corporations.

## FIFTH CAUSE OF ACTION

130.    Plaintiffs repeat and reallege each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

131.    As a result of the fraud committed by DEFENDANTS ELLIOT ZARETSKY, SHIRLEY ZARETSKY, HAROLD ZARETSKY, ANGELA GIGLIO, PAMELA STEIN, MICHAEL D. SOLOMON, SOLOMON & HERRERA, LATONYA THOMPSON, LARRY DIBLASI, TERESA BULTER, MARK FELDER, SUSAN RUBIN, DANIEL HERRERA, MICHAEL D. SOLOMON, RICHARD L. HAUSE, RAOUL FELDER, SOLOMON &

HERRERA, PLLC., IGLAR INC. a/k/a ABLE-VISION,  SAMUELSON, HAUSE &

SAMUELSON, LLP., RAOUL FELDER AND PARTNERS, P.C., HEAR MORE, MAXI-AIDS

and ALISA J. EPSTEIN, against the plaintiffs herein, the plaintiffs have been damaged.

## SIXTH CAUSE OF ACTION

132.     Plaintiffs repeat and reallege each and every allegation as more fully set forth

hereinbefore as if fully set forth hereinafter.


133.     As a result of the prima facia tort committed by DEFENDANTS ELLIOT

ZARETSKY, SHIRLEY ZARETSKY, HAROLD ZARETSKY, ANGELA GIGLIO, PAMELA

STEIN, MICHAEL D. SOLOMON, SOLOMON & HERRERA, PLLC., LATONYA

THOMPSON, LARRY DIBLASI, TERESA BULTER, MARK FELDER, SUSAN RUBIN,

DANIEL HERRERA, MICHAEL D. SOLOMON, RICHARD L. HAUSE, RAOUL FELDER,

SOLOMON & HERRERA, PLLC., MAXI-AIDS, Inc., IGLAR INC. a/k/a ABLE-VISION,

SAMUELSON, HAUSE & SAMUELSON, LLP., RAOUL FELDER AND PARTNERS, P.C.

and ALISA J. EPSTEIN, the plaintiffs herein have been damaged.


## SEVENTH CAUSE OF ACTION

134.     Plaintiffs repeat and reallege each and every allegation as more fully set forth

hereinbefore as if fully set forth hereinafter.


135.     As a direct result of the deception perpetrated by DEFENDANTS RICHARD L.

HAUSE, RAOUL FELDER, HAUSE & SAMUELSON, LLP., RAOUL FELDER AND

PARTNERS, P.C. and ALISA J. EPSTEIN upon plaintiffs herein, and to deter any such outrageous and morally culpable conduct and behaviour in the future, the aforesaid defendants should be adjudged to compensate Plaintiffs with treble damages.

## EIGHTH CAUSE OF ACTION

136.    Plaintiffs repeat and reallege each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

137.    As a direct result of the deception perpetrated by DEFENDANTS RICHARD L. HAUSE, RAOUL FELDER, HAUSE & SAMUELSON, LLP., RAOUL FELDER AND PARTNERS, P.C. and ALISA J. EPSTEIN upon plaintiffs herein, the Plaintiffs herein are entitled to punitive damages.

## NINETH CAUSE OF ACTION

138.    Plaintiffs repeat and reallege each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

139.    As a result of the malicious prosecutions conducted by DEFENDANTS ELLIOT ZARETSKY, HAROLD ZARETSKY, SHIRLEY ZARETSKY, and MAXI-AIDS, INC., against the Plaintiffs herein at the State Courts, the Plaintiffs have been damaged.

## TENTH CAUSE OF ACTION

140.     Plaintiffs repeat and reallege each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

141.     DEFENDANTS ELLIOT ZARETSKY, SHIRLEY ZARETSKY, HAROLD ZARETSKY, MAXI-AIDS, ILGAR Inc. a/k/a ABLE VISION,  ANGELA GIGLIO, PAMELA STEIN, MICHAEL D. SOLOMON, SOLOMON & HERRERA, LATONYA THOMPSON, LARRY DIBLASI, and TERESA BULTER, acting in concert and conspiracy, by reason of the foregoing activities, were unjustly enriched.

### ELEVENTH CAUSE OF ACTION

142.     Plaintiffs repeat and reallege each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

143.     As a result of the aforementioned misconduct on the part of DEFENDANTS ELLIOT ZARETSKY, SHIRLEY ZARETSKY, HAROLD ZARETSKY, ANGELA GIGLIO, PAMELA STEIN, MICHAEL D. SOLOMON, SOLOMON & HERRERA, PLLC., LATONYA THOMPSON, LARRY DIBLASI, TERESA BULTER, MARK FELDER, SUSAN RUBIN, DANIEL HERRERA, MICHAEL D. SOLOMON, RICHARD L. HAUSE, RAOUL FELDER, SOLOMON & HERRERA, PLLC., MAXI-AIDS, Inc., IGLAR INC. a/k/a ABLE-VISION, SAMUELSON, HAUSE & SAMUELSON, LLP., RAOUL FELDER AND PARTNERS, P.C. and ALISA J. EPSTEIN, the plaintiffs have been caused to suffer immense emotional stress and pain, including but not limited to severe sleep deprivation.

**W H E R E F O R E, Plaintiffs pray that this Honorable Court will grant judgment**

against defendants and in favor of Plaintiffs, as follows:

(a) On the first cause of action, to issue a judgment in the amount of $300,000,000.00;

(b) On the first cause of action, imposing a Constructive Trust upon the Defendants MAXI-AIDS, Inc., ILGAR, Inc. a/k/a ABLE VISION, and HEAR MORE;

(c) On the third cause of action, enjoining the Defendant Elliot Zaretsky,  ANGELA GIGLIO, LATONYA THOMPSON, LARRY DIBLASI, TERESA BULTER,  PAMELA STEIN and the other Zaretsky defendants from continuing to operate Defendants MAXI-AIDS, Inc., ILGAR, Inc. a/k/a ABLE VISION, and HEAR MORE,  or similar type of enterprise;

(d) on the fourth cause of action, this Honorable Court should declare Plaintiffs as being the majority owner of Defendant Maxi-Aids, Inc., and the exclusive owner of ILGAR, Inc. a/k/a ABLE VISION, and allow Plaintiffs to immediately sell said corporations;

(e) on the fifth cause of action for fraud, to issue a judgment in the amount of $100,000,000.00;

(f) on the sixth cause of action for prima facia tort, to issue a judgment in the amount of $100,000,000.00;

(g) on the seventh cause of action for deception on the part of Plaintiffs attorneys, a judgment of treble damages in the amount of $300,000,000.00;

(h) on the eighth cause of action, a judgment for punitive damages in the amount of $100,000,000.00;

(i)  on the ninth cause of action for malicious prosecution, to issue a judgment against defendants in the amount of $100,000,00.00

(j) on the tenth cause of action for unjust enrichment, to issue a judgment against the defendants in the amount of $100,000,000.00

(k) on the eleventh cause of action for emotional stress and pain, to issue a judgment against defendants in the amount of $100,000,00.00;

(l) and costs of this action and reasonable attorney fees, and any other further relief that this Honorable Court deems just and proper.

DATED: BROOKLYN, NEW YORK
       MARCH 10, 2011

*FEIGE ZARETSKY*           *AARON BERLIN*

**FEIGE ZARETSKY**           **AARON BERLIN**
**Plaintiff Appearing Pro Se**       **Plaintiff Appearing Pro Se**
**10 Chestnut Drive**           **1909 New York Avenue**
**Plainview, New York 11803**     **Brooklyn, New York 11210**
                               **(917) 803-4155**

**DORA BERLIN**
**Plaintiff Appearing Pro Se**
**1909 New York Avenue**
**Brooklyn, New York 11210**
**3476938944**

**DATED: BROOKLYN, NEW YORK**
**April 14, 2014**

**FEIGE ZARETSKY**
**Plaintiff Appearing Pro Se**
**10 Chestnut Drive**
**Plainview, New York 11803**

**AARON BERLIN**
**Plaintiff Appearing Pro Se**
**1909 New York Avenue**
**Brooklyn, New York 11210**
**(917) 803-4155**

**DORA BERLIN**
**Plaintiff Appearing Pro Se**
**1909 New York Avenue**
**Brooklyn, New York 11210**
**3476938944**

Verification

The undersigned plaintiffs Affirm that the statements contained in the annexed Amended Complaint are true based on their knowledge, or upon their information and belief when stated as such.

DATED: BROOKLYN, NEW YORK
April 14, 2014

FEIGE ZARETSKY
**Plaintiff Appearing Pro Se**
**10 Chestnut Drive**
**Plainview, New York 11803**
**(347) 254 3532**

AARON BERLIN
**Plaintiff Appearing Pro Se**
**1909 New York Avenue**
**Brooklyn, New York 11210**
**(347) 254 3532**

DORA BERLIN
**Plaintiff Appearing Pro Se**
**1909 New York Avenue**
**Brooklyn, New York 11210**
**3476938944**

Hon Thomas Feinman 100 Supreme Court Drive Mineola, N.Y. 11501

HON. UTE WOLFF LALLY 100 Supreme Court Drive Mineola, N.Y. 11501

HON. STEVEN M. JAEGER 100 Supreme Court Drive Mineola, N.Y. 11501

SPECIAL REFEREE LAWRENCE M. SCHAFFER, 400 County Seat Drive, Mineola, New York,11501

DAVID WACHOLDER 349 East 5th Street, Brooklyn, NY 11218

Miranda  Sambursky  Slone  Sklarin  Verveniotis,  LLP
240 Mineola Blvd.-#l Mineola, NY 11501

Robert  Hewitt,  Esq.  240  Mineola  Blvd.-#1  Mineola,  NY
11501

MICHAEL G. MCAULIFFE, ESQ. 68 SOUTH SERVICE ROAD,
SUITE 100 MELVILLE, NEW YORK 11747

Elliot  Zaretskey  2  bay  club  dr  apt  3z3  Bayside  N Y
11360 2920

Shirley  Zaretskey  2  bay  club  dr  apt  3z3  Bayside  N
Y 11360 2920

Harold R Zaretsky 66 Phipp Lane Plainview , NY
11893
Maxi-Aids, Inc., 42 Executive Blvd Farmingdale, NY
11735 USA

Solomon & Herrera, PLLC 2950 Hempstead Turnpike
Levittown, NY 11756

MICHAEL D. SOLOMON  2950 Hempstead Turnpike Levittown, NY
11756

SUSAN RUBIN   2950 Hempstead Turnpike Levittown, NY
11756

DANIEL HERRERA   2950 Hempstead Turnpike Levittown, NY
11756

**SAMUELSON, HAUSE & SAMUELSON, LLP** 300 Garden City Plaza #444, Garden City, NY
11530

**RICHARD HAUSE** 300 Garden City Plaza #444, Garden City, NY 11530

**ALISA J. EPSTEIN** 300 Garden City Plaza #444, Garden City, NY 11530