AARON BERLIN<br>
& FEIGE ZARETSKY<br>
1909 NEW YORK AVENUE<br>
BROOKLYN, NY 11210<br>
(347) 254 3532

FILED  October 22, 2014
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★  OCT 23 2014  ★

LONG ISLAND OFFICE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  OCT 22 2014  ★

LONG ISLAND OFFICE

BY HAND DELIVERY
Hon. Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

RE: Berlin vs. Maxi-Aids, et al., 14-cv-3028-sjf

Your Honor,

This morning incidentally I noticed on the docket (ECF #25) that opposing counsel Mr. Matthew R. Jaeger filed a letter motion requesting a sua sponte dismissal of the above referenced action, or alternatively an extension to file a motion to dismiss or answer.

The letter contains some five (5) dense pages among a 118 page motion containing legal and factual information seeking dismissal, I have not yet been able to study that letter motion in-depth for more than a cursory read.

I respectfully request that the defendants letter motion should be treated as their Motion to Dismiss, and I be allowed to file an opposition given reasonable time. The defendants should not get a chance to file a second motion i.e. to have two motions, this letter motion and then a follow up motion to dismiss - thereafter.

The defendants failed to seek consent from the undersigned plaintiff/s for an extension to move or file a motion to dismiss, neither have they requested a simple extension from this Court. Instead, they proceeded to file a lengthy and detailed letter motion resembling a motion to dismiss, camouflaging it under a sua sponte dismissal request, and in the alternative request an extension, thereby hoping to get this action dismissed without my even having a chance to file any opposition, and permitting them to cure any defects and move to dismiss again in the event the Court denies their letter motion request. Permitting the defendants to do so would allow the defendants to have two bites at the apple, would be unfair and prejudicial to the plaintiffs, while requiring extra time and work, and would be a waste of judicial economy.

Nonetheless, If the Court is not inclined to treat defendants letter as a motion to dismiss, then I respectfully request to be given a reasonable opportunity to properly respond and oppose their letter request.

RECEIVED
OCT 22 2014
EDNY PRO SE OFFICE

Very sincerely yours,

/s/ Aaron Berlin

cc: All Defendants
    Feige Zaretsky

DORA BERLIN

The request is denied as moot based on defendants' withdrawal of their letter motion to dismiss. See DE 42. So Ordered.

s/ Sandra J. Feuerstein
U.S.D.J.  10/23/14