AARON BERLIN
1909 NEW YORK AVENUE
BROOKLYN, NY 11210
(347) 254 3532

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   OCT 23 2014   ★

LONG ISLAND OFFICE

RECEIVED

OCT 23 2014

EDNY PRO SE OFFICE

October 22, 2014, 10:30pm: (LETTER 3)

BY HAND DELIVERY
Hon. Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

RE: Berlin vs. Maxi-Aids, et al., 14-cv-3028-SJF-SIL

Your Honor,

The following events which took place today as seen from the Docket, show a clear game was perpetrated on the Plaintiffs and a mockery made of the Court, it was done intentionally to prejudice the plaintiffs, At a minimum it shows the defendants are on uneven grounds. I respectfully requested that the Court intervene to deny the defendants latest request to: 1) for an extension of time; 2) and permission to file another motion to dismiss; 3) or alternatively, to deny their withdrawal of the letter motion and all other pending requests.

Yesterday afternoon counsel Mr. Jeager of LBC&C LLP (Movant 1) filed a letter motion seeking dismissal of the above referenced action (ECF # 25). Although at first glance and on its face the letter seemed quite innocent, what followed was indeed not, and proved what the undersigned had already informed this Court about in the morning. In that letter motion your honor's rules was violated by filing a motion to dismiss and also asking your honor for an extension, and without following both of your honor's and Hon. Judge Locke's rules.

Upon realizing that something very strange is happening, I immediately alerted your honor by filing a letter (ECF #31), this was also emailed and mailed to the defendants this morning. Thereafter, I noticed that the aforementioned letter motion by Mr. Jaeger was joined by another group of defendants, who through counsel Ms. Raimondi of TLS&S LLP (Movant 2) filed a request to join his motion to dismiss (ECF # 29).

Around the same time another letter was filed by Mr. Frank of FCDSM&T LLP, counsel for another group of defendants (Movant 3), this letter was addressed to Hon Judge Locke, it requested an extension of time until November 17, 2014 after having received plaintiffs consent (ECF # 27). To my dismay, less than an hour later I noticed that Mr. Frank filed another letter addressed to your honor, withdrawing his barely filed aforementioned letter, and seeking instead to join the aforementioned motion to dismiss filed by Mr. Jaeger and Ms. Raimondi (ECF # 30).

Now it was getting real surprising, that apart from the bizarre happenings unfolding before my eyes, Mr. Frank who a short while ago had just informed the Court that he was just retained and still unfamiliar with the case, and needed more time to review the complaint, now suddenly joined a motion without even knowing what the complaint entails.

While this took place the undersigned having realized that all this was being done in bed faith and cannot wait, immediately sent by email and mail a second letter to the Court which was first emailed and mailed to all counsel and defendants, and was later filed at the Courthouse in Brooklyn. This second letter has perhaps not yet reached your honor, I attached hereto a copy of this Letter 2. Within two hours of my second letter, the following took place.

OVER

First, Mr. Jaeger - Movant 1, who had previously filed the letter motion now, sought the exact opposite - to withdraw his letter motion to dismiss, but without explaining his actions (ECF # 32). Simultaneously he filed another letter addressed to Hon Judge Locke (ECF # 33), now seeking an extension of time to file another set of motions to dismiss and a briefing schedule. Not surprisingly, counsel again violated Hon. Judge Locke's rules in seeking an extension. This was despite the fact that in my first letter today I complained about counsel sidetracking the plaintiffs as well.

Thereafter, Movant 3 - Mr. Frank filed a third letter addressed to your honor (ECF # 34), seeking to join the aforementioned letter to withdraw by Movant 1 - Mr. Jaeger. Sometime later in the day Movant 2 - Ms. Raimondi also got hit with the now infamous withdrawal symptoms and joined the bandwagon with another letter of her own (ECF # 35). However the saga did not end here, when within a very short while Ms. Raimondi filed a letter again addressed to Hon. Judge Locke, (ECF # 37), now seeking an extension and copying precisely what Mr. Jaeger did, while neither following your honor's nor Judge Locke's rules.

Clearly, there was a game played on the Court and on the plaintiffs, this was an intentional and planned act to wait for the last minute before the expiry of time, to violate the Court's rules, to sidetrack the plaintiffs, while causing plaintiffs to be at great risk of losing this action, The mere fact of the multiple withdrawals as in the joining the motion proves this was not a straight thing to begin with, and bed faith intentions were underlying these events.

This so called sua sponte letter motion was everything but sua sponte, as already explained in my attached letter 2, this was a proper motion, carefully planned to prejudice and place the plaintiffs action at great risk. Only counsel decided to stop the game because either their goal was already achieved in filing the letter motion, or because they risked losing after I exposed this.

In any event, this has placed plaintiffs at undue risk, while causing great prejudice. plaintiffs were and still are now exposed to this filed letter motion, and plaintiffs wish to file an opposition to this letter motion. Plaintiffs cannot file multiple oppositions, which will unfairly benefit the defendants to get a second bite, and would allow the defendants to frame their future motion to dismiss according to what plaintiffs opposition would be in the interim.

Plaintiffs contend that the letter motion by counsel has no merit, it has no bearing on this case as will be proven in the opposition. Plaintiffs amended complaint is not frivolous by any means, while today's events portray that the defendants are not acting in a straight manner. Plaintiffs have every right to respond to their letter motion which is before your honor.

Plaintiffs seek this honorable Court's protection to afford plaintiffs a full proper and fair chance to litigate. plaintiffs respectfully request that the Court deny defendants request to extend the time, and that the filed letter motion to dismiss should not be withdrawn, and a reasonable time to answer that, and for such other relief as the Court deems just and proper.

Thank you for considering this urgent matter

Very sincerely yours,

Aaron Berlin

cc: Hon. Judge Steven I. Locke
　　All Defendants,
　　Feige Zaretsky

AARON BERLIN
1909 NEW YORK AVENUE
BROOKLYN, NY 11210
(347) 254 3532

October 22, 2014; **(LETTER 2)**

<u>BY HAND DELIVERY</u>
Hon. Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

RE: Berlin vs. Maxi-Aids, et al., 14-cv-3028-sjf

Your Honor,

Further to my earlier letter of today to the Court (copy attached hereto), and in response to another letter filed today (ECF # 29) by Counsel (copy attached hereto), I wish to inform the Court of my position as further explained.

Counsel for collective defendants "S&H" law firm, filed a letter request today with the court seeking to join the letter motion to dismiss the action filed yesterday October 21, 2014 by counsel for defendants SHS and G&M (ECF # 25).

As I have briefly outlined in my earlier letter of today, this move by the defendants is an attempt to sidetrack plaintiffs, and unlike counsel for defendants Maxi-aids group who did ask and received an extension (ECF #27). This is an obvious effort to get plaintiffs instant action dismissed without giving plaintiffs a chance to properly respond and defend it, it also is an attempt to allow the defendants a chance to bring a subsequent and second motion to dismiss.

The arguments in the letter motion are indeed meritless as the undersigned hopes to prove in an opposition and should not be granted by the Court, plaintiffs request 1) that the Hon. Court treat defendants letter motion as their final motion to dismiss, because that letter motion is a proper motion to dismiss, the defendants chose not to file in the proper way by requesting an extension from the plaintiffs first, and by attempting to prejudice the plaintiffs; 2) to afford pro-se plaintiffs reasonable time to oppose this 118 page motion to dismiss.

Black's law dictionary defines "Sua Sponte" as follows:

> **"Of his or its own will or motion; voluntarily; without prompting or suggestion".**

A court may rule sua sponte, however for a party to move or suggest to the court to do so, should not be deemed sua sponte, but rather a normal motion to dismiss by a party. The defendants letter motion is indeed a proper motion, but disguised as an attempt to harm Plaintiffs, and the defendants should not get that benefit twice.

Thank you for considering this urgent matter

Very sincerely yours,

/s/
Aaron Berlin

cc: All Defendants
    Feige Zaretsky

AARON BERLIN
& FEIGE ZARETSKY
1909 NEW YORK AVENUE
BROOKLYN, NY 11210
(347) 254 3532

October 22, 2014

**BY HAND DELIVERY**
Hon. Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

RE: Berlin vs. Maxi-Aids, et al., 14-cv-3028-sjf

Your Honor,

This morning incidentally I noticed on the docket (ECF #25) that opposing counsel Mr. Matthew R. Jaeger filed a letter motion requesting a sua sponte dismissal of the above referenced action, or alternatively an extension to file a motion to dismiss or answer.

The letter contains some five (5) dense pages among a 118 page motion containing legal and factual information seeking dismissal, I have not yet been able to study that letter motion in-depth for more than a cursory read.

I respectfully request that the defendants letter motion should be treated as their Motion to Dismiss, and I be allowed to file an opposition given reasonable time. The defendants should not get a chance to file a second motion i.e. to have two motions, this letter motion and then a follow up motion to dismiss - thereafter.

The defendants failed to seek consent from the undersigned plaintiff/s for an extension to move or file a motion to dismiss, neither have they requested a simple extension from this Court. Instead, they proceeded to file a lengthy and detailed letter motion resembling a motion to dismiss, camouflaging it under a sua sponte dismissal request, and in the alternative request an extension, thereby hoping to get this action dismissed without my even having a chance to file any opposition, and permitting them to cure any defects and move to dismiss again in the event the Court denies their letter motion request. Permitting the defendants to do so would allow the defendants to have two bites at the apple, would be unfair and prejudicial to the plaintiffs, while requiring extra time and work, and would be a waste of judicial economy.

Nonetheless, If the Court is not inclined to treat defendants letter as a motion to dismiss, then I respectfully request to be given a reasonable opportunity to properly respond and oppose their letter request.

Very sincerely yours,

/s/

Aaron Berlin

cc: All Defendants
    Feige Zaretsky